WARD, Judge.
This is a suit to recover damages for personal injuries suffered by the plaintiff John Payne, a lieutenant with the New Orleans Police Department. Payne and another police officer, Wellington Beaulieu, were struck by a spool of cable protruding from the bed of a truck which was driven by Richard F. Fimiano, owned by Burnup & Sims Communications, Inc., and insured by Zurich-American Insurance Company, all defendants in this case. During the trial, Officer Beaulieu settled his claim with the defendants; Officer Payne did not. At the conclusion of the trial, the Trial Court entered judgment in favor of Payne and against the defendants, jointly, severally and in solido, for the amount of $55,000.00, plus costs and interest from date of judicial demand. The defendants have appealed, alleging errors in the Trial Court’s finding of liability and in the quantum of damages awarded. Payne has answered the appeal, and asks this Court to increase the quantum. We affirm the finding of liability and the quantum awarded.
The record shows that on February 12, 1983, the Saturday before Mardi Gras, Officers Payne and Beaulieu were controlling the pre-parade crowd along South Claiborne Avenue near its intersection with Napoleon Avenue. The officers were standing in the street, facing the crowd on the sidewalk, their backs to the traffic on South Claiborne. The evidence is conflicting as to their exact positions, but it is clear that they were, to some extent, standing in the right-hand traffic lane.
Richard Fimiano was driving along Napoleon Avenue in the truck belonging to his then employer, Burnup & Sims Communications, Inc. After stopping for the traffic light at South Claiborne Avenue, Fimiano turned right onto South Claiborne and proceeded at ten to fifteen miles per hour. He testified that he saw the police officers, but believed that they were in no danger from his vehicle. However, Payne and Beaulieu were struck in their backs by a spool of cable protruding some six to eight inches from the passenger side of the truck bed. The force of the impact knocked the officers to the ground, injuring both. Officer Payne was the more severely injured. He was diagnosed as suffering from a partially calcified herniated disc at the L5-S1 level of the spine.
Defendants urge two specifications of error by the Trial Court. First, they claim that the Trial Court erred in finding that Payne was not partially at fault in the accident. Second, they claim that the damages awarded to Payne were excessive; appellee Payne, on the other hand, claims that the damages awarded were insufficient. We will consider each specification in turn.
LIABILITY
Appellants urge that the recent Louisiana Supreme Court decision in Turner v. New Orleans Public Service, Inc., 476 So.2d 800 (La.1985), handed down after the trial of this case, should be applied by this Court. In Turner, the Supreme Court ruled that the comparative fault principles established by the Legislature’s 1980 revision of Civil Code Article 2323 apply to cases in which a pedestrian is injured by a negligent motorist. Before Turner pedestrian/motorist accidents had been governed *334 by the rule established in Baumgartner v. State Farm Mutual Automobile Insurance Co., 356 So.2d 400 (La.1978), that is, that a pedestrian’s contributory negligence is not a complete bar to recovery for injuries inflicted by a negligent motorist. The Turner Court concluded that the adoption of comparative fault rendered Baumgart-ner unnecessary and that such cases would “henceforth be governed by the comparative fault doctrine of C.C. 2323.” Turner, 476 So.2d at 805. Appellants believe the Trial Court relied upon Baumgartner and ignored the fault of Payne. Appellants contend that Turner is applicable, and as a consequence, Payne’s negligence must be considered and the damages awarded to him correspondingly reduced according to his degree of fault.
Nonetheless, we need not decide if the Trial Court relied upon Baumgartner or if the Turner rationale controls this case because we do not find that Officer Payne was negligent. The facts of the case at hand are analogous to Turner's companion case, Drum v. United States Fidelity and Guaranty Co., 476 So.2d 800 (La.1985). Drum was standing inside a warehouse, “in a place where ‘it wasn’t unusual for somebody to be.’ The truck approached him from behind without warning and knocked him down before he saw it.” Id. at 802. Officer Payne was also standing where it is not unusual for a police officer to be during the Mardi Gras season — in the street, facing a crowd on the sidewalk, with his back to the traffic. Fimiano’s truck also approached Payne from behind without warning before the officer saw it.
In Drum, the truck driver never saw the person in the truck’s path. In this case Fimiano saw the officers but believed they were in no danger — a reasonable belief if the truck had been properly loaded. However, it was not. The large spool of cable was not in its usual, secured position. Rather, it had been placed so as to protrude over the edge of the truck bed. There was uncontradicted testimony at trial by a safety expert that the placement of the spool was very dangerous and a direct cause of the accident.
Not only is Payne’s situation similar to that in Drum, other factors indicate Payne was free from fault. A police officer controlling a crowd is not a normal pedestrian. The officer is performing required duties. Where “a worker is busy in the street or highway, under circumstances which show that he is not watchful and is relying on the protection of signs, barricades, or flagmen, the motorist will be held to a higher and the worker to a lesser degree of care." Maryland Casualty Co. v. Allstate Insurance Co., 96 So.2d 340, 343 (La.App. 2d Cir.1957) (emphasis added). Payne’s attention was necessarily directed away from the street and toward the crowd on the sidewalk. Thus, we find that Payne exercised reasonable care and, under the circumstances, did not breach any duty. Hence, he cannot be assigned any fault for the accident.
The Trial Court, therefore, was correct in finding Payne not negligent, even if it did not apply the principles of comparative fault set forth by the Supreme Court in Turner.
DAMAGES
Appellants contend the damages awarded are excessive because, they argue, Payne’s injuries, for the most part, were caused not by this accident but by other unrelated incidents. Appellants maintain that Payne’s credibility is suspect because he denied prior back injuries in his deposition but admitted to a series of back injuries at trial. There is, however, evidence in the record to support the Trial Court’s finding that the herniated disc suffered by Payne was not due “to the soft tissue injuries that were had by the plaintiff prior to the accident of February 12.” (Emphasis added.)
Appellants also make a related argument as to another witness and question the reliability of the expert testimony of Dr. Charles R. Billings, the treating orthopedic surgeon. They claim that Dr. Billings could not with medical certainty directly attribute the herniated disc to the *335 February 12th accident. This is especially so, they argue, because Officer Payne did not inform Dr. Billings of the previous soft tissue injuries. Dr. Billings, though, was quite clear in his testimony that the herniated disc injury was consistent with the type of accident suffered by Payne. Hence, we cannot say that the Trial Court erred in believing the testimony of Officer Payne and of Dr. Charles R. Billings, nor that the Trial Court was manifestly erroneous in its finding that Payne’s herniated disc was caused by the spool of cable striking him in the back.
We now turn to appellee Payne’s quantum argument. He claims the medical special damages should be increased by $17,000.00 for the cost of surgery which Payne claims he may need in the future, and that the general damages awarded by the Trial Court should be increased to $100,000.00. As to the special damages, the testimony of Payne’s expert, Dr. Billings, was far from certain as to the necessity of any future surgery. That testimony did not indicate future surgery was more probable than not, only that it was a possibility. Hence, the Trial Court was not manifestly erroneous in not awarding damages for future medical expenses.
As to the general damages, this Court can alter the award only if the award constitutes an abuse of discretion. “If any change is made, it must be made because the trial award is so out of line with reality that it is shocking and would constitute an injustice if allowed to stand.” Hanzy v. Sam, 385 So.2d 355, 359 (La.App. 1st Cir.), writ denied, 386 So.2d 357 (La.1980). The $55,000.00 awarded by the Trial Court does not constitute an injustice, based on the facts of this case.
For the above reasons, the judgment of the Trial Court is in all respects affirmed. The costs of this appeal are to be borne by Richard F. Fimiano, Burnup & Sims Communications, Inc., and Zurich-American Insurance Company.
AFFIRMED.