KNOLL, Judge.
This appeal concerns the sole issue of quantum for injuries sustained as a result of a rear-end collision. Plaintiffs, James A. Jackson and his wife, Constance (hereafter Jackson), brought this action against David B. Clause, James L. Clause and the company the Jacksons thought was the Clauses’ liability insurer, State Farm Mutual Automobile Insurance Company. Shortly thereafter the Jacksons learned that Firemen’s Insurance Company of Newark, New Jersey (hereafter Firemen) carried the Clauses’ liability policy for this accident and amended its petition to substitute Firemen in place of State Farm. Prior to trial James Clause was dismissed from the suit with the Jacksons’ consent and the remaining defendants stipulated as to their liability-
The trial court found James A. Jackson’s injuries relatively mild and granted him a total award of $6,675. The trial court found Constance Jackson’s injuries more severe and awarded her $1,864 for past medical expenses and $50,000 for past and future pain and suffering. Only Constance Jackson appeals, assigning as error that the trial court erred: 1) by awarding inadequate damages for past and future suffering and disability; and 2) in failing to grant an award for future medical expenses. Finding that the trial court did not abuse its discretion, we affirm.
On May 16, 1982, James and Constance Jackson were proceeding west on Interstate 10. As they approached the Atchafa-laya bridge, all traffic speed was reduced due to an accident. While the Jacksons were on the bridge, David Clause, who was also traveling in a westerly direction, ran into the rear of the Jackson vehicle.
*180 Mrs. Jackson first contends that the damages awarded for past and future suffering were inadequate. She argues that at the time of trial it was four years since the accident and during this period of time, she experienced increased pain in her low back, hip and lower extremities; further, she contends that she was only 42 at the time of trial and as she grows older, her condition will worsen. She also contends that she is still experiencing difficulties with her neck.
It is well established that when an appellant claims inadequate or excessive damages based on factual circumstances we cannot substitute our evaluation for that of the trial court, even though we deem our view more reasonable, absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Thus the trial court is given wide discretion.
Mrs. Jackson was seen by four doctors. She first saw her family doctor, Dr. Charles Rees, a general practitioner, who recommended that she see an orthopedic specialist. She then saw Dr. Louis Charles Blanda, Jr., an orthopedic specialist, who was her main treating physician. Her husband is a supervisor aircraft pilot for the Department of the Army; he is a dual status technician and a Colonel in the Army Reserve. He supervises the Army Reserve Flight Facility. After the accident he was transferred to Michigan to assume full responsibility for the Army Reserve Aviation in the States of Michigan and Indiana. In Michigan, Mrs. Jackson was treated by Dr. Sidney H. Goldman, an orthopedic specialist. Shortly before trial, at the request of Firemen she was examined by Dr. Joseph F. Heitsch, an orthopedic specialist.
Mrs. Jackson’s primary injury is to her back. The disc at the L5-S1 level showed narrowing and foramenal stenosis suggesting nerve root compression, more prominent on the right side. Her excessive weight contributes to her disc injury.
After carefully reviewing all of the medical testimony, we find all of the doctors’ findings and opinions very similar, therefore, it is not necessary to detail each doctors’ examination and treatment. Basically, the medical evidence shows that: she had objective symptoms corroborated by a CAT scan; she experiences periods of remission and exacerbation; and she had a low or mild grade level of symptoms; her disc injury is mild and she can control her back condition by not doing anything strenuous. Dr. Blanda opined that she had a 10-12% disability with or without surgery.
Mrs. Jackson testified that since the accident she has suffered approximately 10-12 episodes of more discomfort than she normally experiences; and she had 4 severe episodes of pain.
The record shows that Mrs. Jackson is an intelligent woman and was candid in her testimony. She clearly proved her discomfort and pain she endures from her back condition. However, the evidence preponderates that her neck injury had resolved. Under these circumstances we cannot say the trial court abused its wide discretion in awarding general damages.
Mrs. Jackson next contends that the trial court erred in failing to award future medical expenses.
This issue likewise concerns a factual determination by the trial court which we cannot overrule absent a finding of manifest error. Future medical expenses are not recoverable if it is too speculative. Payne v. Fimiano, 489 So.2d 332 (La.App. 4th Cir.1986).
The record shows that none of the four doctors recommended surgery because of Mrs. Jackson’s low level of symptoms and her excessive weight. Dr. Blanda opined that surgery would increase her disability to approximately 15% because fusion would limit the range of motion in the spine somewhat by bone grafting of the joints. Surgery was recommended only if Mrs. Jackson’s back condition worsened.
The record shows that future medical expenses were purely speculative. Moreover, Mrs. Jackson testified that: “I have much more seriously looked at the possibility of surgery than I would have three (3) years or so ago.” Her testimony conclusively shows that surgery is only a possibility.
*181 Under these circumstances we find the trial court did not abuse its discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to Mrs. Jackson.
AFFIRMED.